In the Matter of RALPH T. PERRA et al., Petitioners, *v.* GEORGE STENGEL et al., Respondents.

Supreme Court, Special Term, Suffolk County, February 14, 1967.

*Lester B. Lipkind* for petitioners. *George W. Percy, Jr.,* County Attorney, for respondents.

JACK STANISLAW, J. Petitioners apply for an order in the nature of mandamus, directing the respondent Suffolk County Civil Service Commission to grade their papers upon examination for the position of Senior Engineering Aide, and to restrain any appointment from the eligible list the result of the examination pending determination. Respondent has answered denying certain key allegations of the petition, setting up two defenses, and objecting to the petition as legally insufficient.

The notice of examination sets forth, as a minimum qualification that applicants shall '' have served on a continuous basis as a permanent Engineering Aide   *   *   *.   for at least two years immediately preceding the written examination date.'' Petitioners were provisionally appointed Engineering Aides in April, 1964, and then permanently appointed in March, 1965. Their applications for the subject examination were accepted and processed, and on October 29, 1966 they took the exam. However, on November 15, 1966 the commission advised them that their applications had been inadvertently approved since they lacked five months' permanent status and so were ineligible. The petitioners argue here that they had served continuously, though for a part of the time as provisional appointees. If the commission required service on a permanent basis rather than on a continuous basis, as stated, then petitioners assert it might easily have worded the qualification otherwise.

That the applications were approved and the examinations taken does not serve to bind the commission. The issue actually turns upon the statement regarding qualifications, for, if petitioners were not eligible, a mistake in the processing of their applications cannot operate to confer eligibility where it does not exist.

Continuous service *in* a permanent position is claimed to be something other than continuous service *on* a permanent basis. Relying on subdivision 10 of section 52 of the Civil Service Law, petitioners point out that they had continuously served in a permanent position for the required time. That section is rather their undoing. It indicates that one *in* a permanent position who is provisionally appointed to another shall not lose credit in that former position. What the section makes clear is the distinction between provisional and permanent service. It applies, by its terms, to provisional appointees only insofar as it excludes credit for time provisionally served, with the exception noted which is in effect one that relates back. Petitioners contend

that their provisional time nevertheless qualified them for the examination, since the requirement was that there be service as a permanent aide. Their line of thought would then equate provisional with permanent service, something the statute is at pains to point out as beyond acceptability in terms of examination accreditation. Petitioners apparently did serve continuously in the required position but *not* as if in a permanent category.

The petitioners were not qualified for the exam and gain nothing from the inadvertent acceptance of their applications or their actual taking of the test. The petition is dismissed.